UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VICTORINE BROWN,

    **Plaintiff,**

v.                                                        Case No: 8:12-cv-1278-T-27EAJ

COLUMBIA SUSSEX CORPORATION,

    **Defendant.**
_____/

## ORDER

Before the Court is Defendant's Motion to Tax Attorneys' Fees and Costs (Dkt. 151) and Plaintiff's opposition (Dkt. 156). Upon consideration, Defendant's motion is DENIED to the extent it seeks attorneys' fees, and granted to the extent it seeks an award of taxable costs as the prevailing party. The amount of taxable costs is deferred.

### Attorneys' Fees

Defendant served a Proposal for Settlement on February 14, 2014 (Dkt. 151, p. 11) which was not accepted by Plaintiff.[1] In the proposal, Defendant offered to settle the case for $17,500. Defendant invokes Fla. Stat. § 768.79 and Florida Rule of Civil Procedure 1.442, since the jury returned a verdict in its favor.[2]

---

[1] Defendant attached a copy of the Proposal to its motion.

[2] Fla. Stat. § 768.79(60(a) provides for recovery of "reasonable costs and attorney's fees" from the date of the offer "if the judgment is one of no liability or the judgment obtained by the plaintiff is at least twenty-five percent less" than the offer. Section 768.79 is applicable as substantive Florida law. *Jones v. United Space Alliance, L.L.C.*, 494 F.3d 1306, 1309 (11th Cir. 2007). And Florida Rule of Civil Procedure 1.442 "applies in federal court as a matter of precedent," and as substantive law 'even if precedent did not require this result." *Horowitch v. Diamond Aircraft Industries, Inc.*, 645 F.3d 1254, 1258 (11th Cir. 2011)

1

Plaintiff opposes the motion as to attorneys' fees, arguing (1) the proposal was ambiguous because it required execution of a "Settlement Agreement with appropriate releases and indemnity language, as agreed to by the parties," which were not attached to or summarized in the proposal; (2) the proposal was not served in compliance with Rule 1.442 (2014); (3) the proposal was defective for failing to strictly comply with Rule 1.442; and (4) the proposal failed to include language required to be included by Rule 1.442.[3]

Because the proposal was not sufficiently clear and definite to enable Plaintiff to make an informed decision to accept or reject it without clarification of the require Settlement Agreement and releases and indemnity language, the proposal was invalid under applicable Florida law. *See State Farm Mut. Auto. Ins. Co. v. Nichols,* 932 So. 2d 1067, 1079 (Fla. 2006) (where execution of release is a relevant condition of settlement proposal, failure to attach release or summarize it fails to satisfy the particularity requirement of Rule 1.442).

Rule 1.442 requires that settlement proposals "state with particularity any relevant conditions" and also "state with particularity all nonmonetary terms." Fla. R. Civ. P. 1.442(c)(2)(C)-(D). A general release qualifies as one of the "relevant conditions" or "nonmonetary terms" of a settlement proposal and therefore must be "described with particularity." *Nichols,* 932 So. 2d at 1078-79. "A proposal does not satisfy the 'particularity' requirement if an ambiguity within the proposal could reasonably affect the offeree's decision." *Mix v. Adventist Health System/Sunbelt, Inc.,* 67 So. 3d 289, 292 (Fla. 5th DCA 2011). "For the purpose of construing the particularity requirement of rule 1.442, an ambiguity is defined as 'the condition of admitting more

---

[3] Since a copy of the proposal was attached to Defendant's motion, Plaintiff's argument that there is no record evidence of the proposal is without merit.

2

than one meaning.'" *Id.* at 2921 (quoting *Saenz v. Campos*, 967 So. 2d 1114, 1117 (Fla. 4th DCA 2007)).

As noted, neither the proposed Settlement Agreement, releases, or indemnity language were attached to Defendant's proposal or summarized. It is therefore impossible to eliminate any ambiguity in the terms of the proposed Settlement Agreement, or to determine the scope of the releases and indemnification language. *See Papouras v. BellSouth Telecommunications, Inc.*, 940 So. 2d 479, 480-481 (Fla. 4th DCA 2006) (where proposal simply provided for plaintiff to execute full release without further detail, and copy of release was not attached or the terms summarized, proposed release lacked sufficient detail to eliminate any reasonable ambiguity about its scope). Nor did the proposal explain why more than one release was required and for what Plaintiff was expected to indemnify Defendant. In sum, the terms of the proposed Settlement Agreement and scope of the proposed releases and indemnity language cannot be determined "without resort to clarification or judicial interpretation," and therefore Defendant's proposal "was too ambiguous to satisfy Rule 1.442." *Nichols*, 932 So. 2d at 1072. Accordingly, the proposal was invalid and cannot support an award of attorneys' fees.[4]

## Taxable Costs

As the prevailing party, Defendant is entitled to recover taxable costs.[5] Fed. R. Civ. P. 54(d)(1). The categories of costs and fees that may be taxed are enumerated in 28 U.S.C. § 1920, and

---

[4] It is therefore unnecessary to address Plaintiff's other contentions.

[5] However, a "motion" to tax costs runs counter to Rule 54(d)(1), insofar as a "motion" is a "request for a court order." Fed. R. Civ. P. 7(b). The proper procedure is to file a verified bill of costs with the Clerk of Court who taxes costs initially. The Court's role is merely to review the determination of the Clerk. *See* 10 *Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure* § 2679 (3d. Ed. 1998). Nevertheless, Defendant's requests for cost will be addressed.

district courts are bound by those limitations. *Arcadian Fertilizer, L.P. v. MPW Indus. Services, Inc.* 249 F.3d 1293, 1296 (11th Cir. 2001) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445, (1987)).[6] The party seeking an award of costs or expenses bears the burden of submitting a request that enables a court to determine what costs or expenses were incurred by the party and the party's entitlement to an award of those costs or expenses. *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994).

Defendant seeks to tax costs related to depositions of four witnesses who testified at trial, as well as costs related to deposition transcripts of four witness, three of which testified at trial.[7] The costs related to the depositions, including transcripts, of Plaintiff, Catherine Bingham, Dr. Robert Simon, including the video copy of Dr. Simon, Cindy DiBartolomeo, Denise Taylor, and Denise

---

[6] Section 1920 provides:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

[7] Defendant requests costs for the depositions of the plaintiff, Catherine Bingham, Dr. Robert Simon, and Dr. Niles LeStrange, and costs for the deposition transcripts of Cindy DiBartolomeo, Denise Taylor, Denise Carfagno, Dr. Simon (including video copy and conferencing equipment fee), and Dr. LeStrange (including video conferencing equipment fee). Presumably the only costs other than the deposition transcripts included in these deposition costs are the costs for the court reporter as Defendant only specifies those two categories in the title of this section.

4

Carfagno are properly taxed as reasonable and necessary, since they testified at trial. The other deposition expenses sought will not be taxed since there is no showing that they were wholly or partially "necessarily obtained for use in the case." *United States Equal Employment Opportunity Commission v. W&O, Inc.*, 213 F.3d 600, 620-621 (11th Cir. 2000).

Second, Defendant seeks to tax costs for photocopies, including copies made for production of documents to opposing counsel in discovery, reproduction of third-party records received in discovery, preparation of trial and exhibit binders, and copies of Plaintiff's medical records and trial exhibits. Costs for copies are taxable when necessarily obtained for use in the case. More specifically, "[c]opies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the Court's consideration are recoverable, whereas copies obtained only for the convenience of counsel, such as extra copies of filed papers, correspondence, and copies of cases are not." *Tampa Bay Water v. HDR Eng'g, Inc.*, 8:08-CV-2446-T-27TBM, 2012 WL 5387830, *20 (M.D. Fla. Nov. 2, 2012) (quotations and citations omitted).

As to the internal copying costs, Defendant does not provide enough information as to what the internal copying costs included in order to make a determination of whether the documents were necessarily obtained for use in the case. Defendant states only that the internal copy charges "include, but are not limited to" certain categories of copies. As to the external copying costs, which include Plaintiff's medical records and trial exhibits, these are properly taxed, with the exception of fees paid to Irwin Mitchell, LLP to obtain Plaintiff's London medical records. It is not clear what these fees included.

Third, Defendant seeks to tax costs related to service of process. These costs are properly

taxed under § 1920(1). *W & O, Inc.*, 213 F.3d at 624. However, such costs may only be taxed to the extent they "do not exceed the statutory fees authorized in section 1921," which is $55 per hour for each item served plus travel costs and out-of-pocket expenses. *Id.*; 28 C.F.R. § 0.114(a)(3). Defendant requests between $60.00 and $80.00 for six instances of service of process, but provides no supporting documentation or explanation. Thus, whether these requests are proper cannot be determined.

Finally, Defendant seeks costs related to attendance of witnesses at trial. Taxation of witness fees is proper pursuant to § 1920(3), and witness fees are limited by 28 U.S.C. § 1821(b) to an attendance fee of $40.00 per day for each day the witness attended. Defendant's requests for witness fees for the three witnesses who testified at trial is appropriate.

Accordingly,

1. Defendant's Motion to Tax Attorneys' Fees and Costs (Dkt. 151) is **DENIED** *in part*, **GRANTED** *in part*, and **DEFERRED** *in part*.

2. Costs will be taxed in accordance with this Order pending the submission by Defendant of a Bill of Costs supported by invoices or other documentation within **seven (7) days** of this Order. Plaintiff may file objections within **fourteen (14) days** of Defendant's submission.

3. The Clerk is directed to **CLOSE** the file.

**DONE AND ORDERED** this 27th day of May, 2014.

JAMES D. WHITTEMORE
United States District Judge

Copies to Counsel of Record